**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:05-cr-30-CDL-MSH |
| CLARENCE MARTIN, | : | |
| Defendant. | : | |

## **REPORT AND RECOMMENDATION**

On December 6, 2010, the Court received a letter from Defendant requesting that his sentence be reduced. (ECF No. 236.) The Court construes this letter as a motion to reduce sentence. For the reasons described below, Defendant's motion should be dismissed.

## **BACKGROUND**

Defendant plead guilty to possession with intent to distribute methamphetamine on September 15, 2006. On February 16, 2007, a judgment and sentence were entered in which Defendant was sentenced to 135 months imprisonment and four years supervised release. Defendant did not appeal his sentence.

On December 6, 2010, the Court received a letter from Defendant requesting that the Court "consider reducing [Defendant's] sentence to the bottom of [his] guideline [range]." (Letter 1, ECF No. 236.) Defendant makes no legal argument in his letter and provides no authority for his request. However, giving Defendant the benefit of the doubt as a *pro se* litigant, the Court construes this letter as a request by Defendant for the Court to modify his

sentence pursuant to 18 U.S.C. § 3582.

## DISCUSSION

This Court does not have "inherent authority" to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-19 (11th Cir. 2002); *see also* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [in certain cases]."). Title 18, United States Code § 3582 provides the limited circumstances under which a sentence for a term of imprisonment may be modified. 18 U.S.C. § 3582(c). Specifically, "[u]nder § 3582(c), the court may modify a sentence in three circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under [Federal Rules of Criminal Procedure] Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission." *United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006). If one of these circumstances is not present in a case, the Court lacks jurisdiction to consider the Defendant's motion to modify his sentence. *Id.*

Here, there is no motion from the Bureau of Prisons; there is no authority to modify the sentence under Federal Rules of Criminal Procedure 35 for clear error or substantial assistance, or under any other statute; and the sentencing guideline range has not been lowered since Defendant's sentencing. Because none of the circumstances listed in § 3582(c) is present in this case, this Court lacks jurisdiction. Defendant's motion should consequently be dismissed.

## CONCLUSION

WHEREFORE, it is RECOMMENDED that Defendant's motion to reduce sentence be DISMISSED for lack of jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 5th day January, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE