IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO. 4:05-CR-30-CDL-MSH |
| | : | |
| CLARENCE MARTIN, | : | |
| Defendant. | : | |

_____

**REPORT AND RECOMMENDATION**

On July 15, 2013, the Court received a letter from Defendant requesting that the Court reduce his sentence. (ECF No. 243.) The Court construes this letter as a motion to reduce sentence pursuant to 18 U.S.C. § 3582. For the reasons described below, Defendant's motion should be dismissed.

**BACKGROUND**

On August 14, 2006, Defendant pled guilty to one count of possession with intent to distribute methamphetamine. 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Defendant was sentenced to 135 months imprisonment, and judgment was entered on February 16, 2007. Defendant filed a prior Motion to Reduce Sentence on December 6, 2010, which was denied on January 25, 2011. (ECF No. 240).

Defendant now asks the Court for a reduction of his sentence based on 18 U.S.C. § 3582(c), or alternatively, the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

## DISCUSSION

This Court does not have "inherent authority" to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-19 (11th Cir. 2002); *see also* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [in certain cases]."). Title 18, United States Code § 3582 provides the limited circumstances under which a sentence for a term of imprisonment may be modified. 18 U.S.C. § 3582(c). Specifically, "[u]nder § 3582(c), the court may modify a sentence in three circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under [Federal Rules of Criminal Procedure] Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission." *United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006). If one of these circumstances is not present in a case, the Court lacks jurisdiction to consider the Defendant's motion to modify his sentence. *Id.*

Here, there is no motion from the Bureau of Prisons; there is no authority to modify the sentence under Federal Rules of Criminal Procedure 35 for clear error or substantial assistance, or under any other statute; and the sentencing guideline range has not been lowered since Defendant's sentencing. Because none of the circumstances listed in § 3582(c) is present in this case, this Court lacks jurisdiction. Defendant's motion should consequently be dismissed.

Furthermore, as the Government's Response to Defendant's Motion to Reduce Sentence points out, the *Alleyne* decision is not retroactive, and thus does not afford

2

Defendant the relief he seeks.

## CONCLUSION

WHEREFORE, it is RECOMMENDED that Defendant's motion to reduce sentence be DISMISSED for lack of jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 9th day of September, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE